FILED

MAR 1 8 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEONARD YOUNGBLOOD, | |
| Plaintiff, | No. CIV S-03-1627 WBS JFM PS |
| vs. | |
| FEATHER FALLS CASINO,[1] | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |
| _____/ | |

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). On February 11, 2004, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). On March 11, 2004, plaintiff filed an opposition to the motion and requested this matter be set for trial. This motion was submitted on the papers without oral argument. Local Rule 78-230(m). Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS AND RECOMMENDATIONS:

        A motion to dismiss based on sovereign immunity is treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). A motion to dismiss for

---

[1] Mooretown Rancheria owns and operates Feather Falls Casino. (Archuleta Decl. at 1.)

1

1  lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the
2  complaint as insufficient to confer upon the court subject matter jurisdiction, or may attack the
3  existence of subject matter jurisdiction in fact. Thornhill Publ'g Co., Inc. v. General Tel. &
4  Elecs. Corp., 594 F.2d 730, 733 (9th Cir.1979).  When the motion to dismiss attacks the
5  allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of
6  material fact are taken as true and construed in the light most favorable to the nonmoving party.
7  Federation of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.1996).
8  When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no
9  presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed
10 material facts will not preclude the trial court from evaluating for itself the existence of subject
11 matter jurisdiction in fact. Thornhill, 594 F.2d at 733. The defendants' motion is a factual attack
12 on this court's subject matter jurisdiction.  Accordingly, this court may accept and evaluate
13 evidence to determine whether jurisdiction exists.
14         Plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill,
15 594 F.2d at 733. Conclusory allegations of law and unwarranted inferences are insufficient to
16 defeat a motion to dismiss. Rosenbaum v. Syntex Corp., 95 F.3d 922, 926 (9th Cir.1996).

> Indian tribes are "domestic dependent nations" that exercise inherent sovereign authority over their members and territories. Cherokee Nation v. Georgia, 5 Pet. 1, 17, 8 L.Ed. 25 (1831). Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978).

21 Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991);
22 Pit River Home & Agriculture Cooperative Ass'n v. United States, 30 F.3d 1088, 1100 (9th Cir.
23 1994.) Indian tribes may not be sued absent an express and unequivocal waiver of immunity by
24 the tribe or abrogation of tribal immunity by Congress. See Santa Clara Pueblo v. Martinez, 436
25 U.S. 49, 58-59 (1978). Because the issue of tribal sovereign immunity is jurisdictional in nature,
26 the court must determine whether defendant has effectively waived tribal immunity, thus making

it amenable to suit in federal court. Plaintiff must demonstrate that there was an effective waiver of sovereign immunity from suit. See <u>Baker v. United States</u>, 817 F.2d 560 (9th Cir. 1987).

Plaintiff has not demonstrated that defendants have waived sovereign immunity. Defendants have provided a declaration evidencing that the Mooretown Rancheria of Maidu Indians is considered a federally recognized Indian tribe. Defendants contend they have not waived sovereign immunity and plaintiff has provided no evidence to the contrary. Thus, defendants' motion to dismiss for lack of subject matter jurisdiction should be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' February 11, 2004 motion to dismiss for lack of subject matter jurisdiction be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2004.

UNITED STATES MAGISTRATE JUDGE

/001;youngblood.mtd

3

```
                    United States District Court
                              for the
                    Eastern District of California
                          March 18, 2004
```

* * CERTIFICATE OF SERVICE * *

2:03-cv-01627

Youngblood

   v.

Feather Falls Casino

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on March 18, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
    Jesse L Youngblood                    SH/WBS
    H-60800
    DVI-1                                 CF/JFM
    Deuel Vocational Institute
    P O Box 600
    Tracy, CA  95378-0600

    Arnold D Samuel
    Albietz and Samuel
    2001 N Street
    Suite 100
    Sacramento, CA  95814
```

                                                        Jack L. Wagner, Clerk

                                          BY: _____
                                                      Deputy Clerk